IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO DEON JOHNSON, | No. 2:03-CV-2063 JAM JFM (HC) |
| Petitioner, | |
| v. | |
| CLAUDE E. FINN, Warden, | |
| Respondent. / | |
| DARRYL L. THOMPSON, | |
| Plaintiffs, | No. 2:04-CV-2208 JAM JFM (HC) |
| v. | |
| TOM L. CAREY, Warden, | |
| Respondent. | ORDER |

Petitioners, state prisoners proceeding through counsel, filed applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On August 19, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis with the exception of the findings and recommendations concerning Petitioners' Batson claim with respect to prospective juror Mr. Jones.  In particular, this Court finds that Petitioners failed to satisfy the third step in the Batson analysis for prospective juror Mr. Jones, i.e. the Petitioners did not show that the totality of circumstances raises an inference that the strike was motivated by race. The record in this case shows the prosecutor put forward evidence of legitimate, race-neutral reasons for exercising a peremptory challenge against Mr. Jones, and Petitioners did not prove purposeful racial discrimination by the prosecutor. Accordingly, Respondents' objections to the Magistrate Judge's findings and recommendations on this issue are sustained.

In preparing for the January 30, 2008, hearing before Magistrate Judge Moulds, the prosecutor had the benefit of his notes from voir dire, the jury questionnaires, and the transcript from trial. At the hearing, the prosecutor provided

2

several reasons, taken together, for exercising a peremptory challenge against Mr. Jones. The prosecutor testified Mr. Jones was late to the first day of jury selection; he erroneously got into the hardship line; he made a flippant and disrespectful comment to the court; his jury questionnaire indicated he was youthful and lacked maturity and experiences outside the home; he was from Stockton; he worked alone, as opposed to with others, in his occupation; he was the only prospective juror who misspelled his own occupation; he believed defense attorneys "defin the guilty" and witnesses are "the same until there are proven guilty, they are inocent;" he believed that anyone should be allowed to carry a firearm at any time; he was willing to use deadly force to protect people in his home; and he had never heard of any Stockton gangs. The prosecutor drew negative inferences about Mr. Jones' ability to understand the complex case before the court, follow the court's instructions, and be honest with the court.

Each reason above was not cited by the prosecutor as an independent basis for excusing Mr. Jones from the venire; rather, it was the combination of these problematic traits that gave rise to the strike. A comparative juror analysis reveals that no other juror shared more than one of the above cited problematic traits in common with Mr. Jones.

Two other important reasons were cited for excusing Mr. Jones from the jury. Before trial, the prosecutor read and scored all jury questionnaires on a scale of one to five, five being the most desirable juror. Mr. Jones received a two on his jury questionnaire, a very low number according to the

prosecutor, and the lowest score of a seated juror was three. Moreover, Mr. Jones' jury questionnaire contained an answer that was "fatal," providing what the prosecution deemed an independent basis for the strike. Mr. Jones stated in his questionnaire that he would not follow the court's instructions if they were different from his own personal views.

The above reasons provide a sufficient, race-neutral basis for exercising a peremptory strike against potential juror Mr. Jones, and Petitioners failed to provide evidence that the prosecutor removed Mr. Jones from the jury based on purposeful racial discrimination.

Accordingly, IT IS HEREBY ORDERED that Petitioners Johnson and Thompson's applications for a writ of habeas corpus be denied.

Dated:   March 22, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE